FILED
2005 Apr-12 PM 04:04
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

CHARLES IRVIN LITTLETON, JR., }
}
Plaintiff, }
} CIVIL ACTION NO.
v. } 04-AR-0066-S
}
WAL-MART STORES, INC., }
}
Defendant. }

**MEMORANDUM OPINION**

Before the court is the motion for summary judgment of defendant, Wal-Mart Stores, Inc. ("Wal-Mart"). Plaintiff, Charles Littleton ("Littleton"), is suing Wal-Mart for violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, alleging that Wal-Mart refused to hire him on account of his disability. For the reasons that follow, Wal-Mart's motion is due to be granted.

*Summary Judgment Facts*[1]

Littleton suffers from mental retardation and high blood pressure. He is certified by the State of Alabama to receive services through the Department of Rehabilitation Services. A

[1]Summary judgment is appropriate where the moving party demonstrates that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Rule 56(c), F.R.Civ.P.; *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In assessing whether the movant has met its burden, the court must view the evidence in the light most favorable to the non-movant and draw all reasonable inferences in his favor. *Hairston v. Gainesville Sun Pub. Co.*, 9 F.3d 913, 918 (11th Cir. 1993). In accordance with this standard, the following statement of facts includes both undisputed facts and the facts according to the plaintiff's evidence, where there is a dispute.

vocational counselor named Carolyn Agee ("Agee") assisted Littleton in his efforts to obtain employment during the time period relevant to this lawsuit. Agee worked for a grant-based organization called Birmingham Independent Living Center (the "Center"), where her job was to find employment for individuals with disabilities.

Agee accompanied Littleton to the Wal-Mart store in Leeds, Alabama, in March 2003. At that time, Littleton completed an application for employment. Agee spoke with Marlene Barcanic ("Barcanic"), the store's personnel manager, about the prospect of employing Littleton as a cart pusher, and even discussed Littleton's disability with her in very general terms.[2] Agee indicated in her deposition that she introduced herself as a vocational specialist with the Center and that Barcanic knew Littleton had a disability.

Agee expressed to Barcanic that Littleton might need an accommodation during his interview, namely, having Agee present in order to make sure that Littleton understood all the questions asked. Barcanic agreed to this request. In her deposition, Agee also opined that Littleton might need "a little more coaching" than an average individual in any particular job due to his disability, particularly during the first few days of a new job.

On March 7, 2003, Littleton was interviewed at the Leeds

---

[2] Agee maintains that she did not go into detail with any Wal-Mart personnel about the specifics of Littleton's disability, because to do so would have violated Littleton's confidence.

store. Agee accompanied Littleton that day, but she was not given the opportunity to sit in on Littleton's interviews. Littleton first interviewed with the store customer service manager, Sandra Johnson ("Johnson"). She noted on her comment sheet that, in response to a question about the type of people he enjoyed working with, Littleton responded that he did not like being around people. In his deposition, Littleton denied making such a statement. After completing her interview, Johnson showed her comments to assistant manager, Paige Harkey ("Harkey"), who was to interview Littleton next. Johnson voiced concerns to Harkey about Littleton as a prospective employee. Harkey reviewed Johnson's notes and proceeded to interview Littleton. Both Johnson and Harkey testify that, based on the interviews, they believed Littleton had poor interpersonal skills. They did not indicate any judgment based on a perceived "disability," unless poor interpersonal skills constitutes a disability. After her interview, Harkey told Littleton that she would speak with her co-manager and that he would receive a phone call if another interview was needed. Littleton was never contacted or offered a position.

Littleton testified in his deposition that his only disability is high blood pressure. His mother attempted to explain this apparent discrepancy between Littleton's testimony and his allegations by saying that her son is uncomfortable acknowledging his mental retardation. Littleton, to the contrary, testified that

he is not limited whatsoever in terms of what he can do. Def. Exh. A, Littleton Depo. pp. 19-22. Both his mother and Agee testified that he can communicate effectively with others and that there is no entry level job he cannot do because of his disability. Def. Exh. C., D. Littleton Depo. pp. 31-34; Def. Exh. D., Agee Depo. pp. 34-35, 42.

*Analysis*

Wal-Mart's motion is due to be granted because Littleton's evidence fails to establish that he is "disabled" within the meaning of that term as used in the ADA. To establish a *prima facie* case, Littleton must demonstrate that he is (1) disabled, (2) a qualified individual, and (3) that he was subjected to unlawful discrimination because of his disability. 42 U.S.C. § 12112(a); *Rossbach v. City of Miami*, 371 F.3d 1354, 1356-57 (11th Cir. 2004). Viewing the record in the light most favorable to Littleton, there is simply no substantial evidence to support the critical element of his claim that he be "disabled." This is not to discount the evidence that Littleton suffers from some degree of mental retardation. Having what is considered a disability in the abstract, however, does not establish that an individual is "disabled" as that term is used in the ADA. Wal-Mart is entitled to judgment as a matter of law here because there is no evidence to support Littleton's necessary contention that his retardation substantially limits him in one or more major life activities.

*See Toyota Motor Mfg., Ky., Inc. v. Williams*, 534 U.S. 184, 195 (2002)("[m]erely having an impairment does not make one disabled for purposes of the ADA. Claimants also need to demonstrate that the impairment limits a major life activity").

When the ADA makes it unlawful to discriminate against a prospective employee because he is disabled, it defines "disability" as:

> (A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual;
> (B) a record of such an impairment; or
> (C) being regarded as having such an impairment.

42 U.S.C. § 12102(2).

Although Littleton is mentally impaired and there is evidence that Wal-Mart, through Barcanic's involvement, recognized Littleton's limitations, these observations do not make Littleton's impairment into an ADA disability. To establish an ADA case, Littleton must show that his impairment "severely restricts [him] from doing activities that are of central importance to most people's daily lives." *Williams* at 196-97. As the Supreme Court pointed out in *Williams*:

> The impairment's impact must also be permanent or long term. It is insufficient for individuals attempting to prove disability status...to merely submit evidence of a medical diagnosis of an impairment. Instead, the ADA requires...'evidence that the extent of the limitation...in terms of [the plaintiff's] own experience...is substantial.' (internal citation omitted). That the Act defines 'disability' 'with respect to an individual'...makes clear that Congress intended the existence of a disability to be determined

> in such a case-by-case manner.

******

> An individualized assessment of the effect of an impairment is particularly necessary when the impairment is one whose symptoms vary widely from person to person.

*Id.* at 198-99.

The Supreme Court's discussion in *Williams* illuminates the reason Littleton's claim fails: he presents no evidence that his retardation substantially limits one or more of his major life activities. Littleton, Agee, and Littleton's mother all swear that he is able to perform all types of jobs. He is able to read, to comprehend, and to communicate. The overwhelming evidence is that he is not limited in any major life activity. In fact, Littleton does not even identify any major life activity that he claims he is substantially limited in performing. In other words, the first element for framing the debate – identification of the substantially limited major life activity – is here lacking. Without even referring to the test set forth by the Supreme Court, Littleton's brief simply argues by way of legal conclusion that "Littleton is [d]isabled," apparently based mainly on the fact that he "is certified by the State to receive services from the Alabama Department of Rehabilitation Services." A state agency cannot certify that an individual is "disabled" under the ADA, especially when that individual denies that he has any mental shortcoming that would substantially limit him or

require accommodation by an employer.

The language of the ADA is to be "interpreted strictly to create a demanding standard for qualifying as disabled." *Williams*, 534 U.S. at 197. Even drawing all reasonable inferences in Littleton's favor, given the total lack of evidence that he is substantially limited in any particular major life activity, Littleton cannot satisfy the first element of his *prima facie* case – that he either is, has a record of, or was regarded as disabled as that term is defined by the ADA.[3] *See Hilburn v. Murata Electronics North America, Inc.*, 181 F.3d 1220, 1225 (11th Cir. 1999)("a party...faced with a properly supported summary judgment motion, is obligated to come forward with extrinsic evidence which is 'sufficient to establish the existence of an element essential to that party's case'" (quoting *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986))). Thus, Littleton's claim fails as a matter of law, and Wal-Mart's motion is due to be granted.

Wal-Mart has also filed a motion to strike Littleton's

---

[3]Littleton, like the plaintiff in *Cash v. Smith*, 231 F.3d 1301, 1305 (11th Cir. 2000), "did not clearly articulate which of the three statutory definitions of disability [he] was proceeding under." Even assuming, however, that Littleton contends he is disabled under all three definitional prongs, the requirement that the disability – whether actual, record, or perceived – substantially limit a major life activity applies with full force under each prong. *See id.* at 1306 (framing the issue as "whether [plaintiff] presented evidence that [defendant] 'regarded' her as having an impairment that substantially limited a major life activity under § 12102(2)(C)"). The court does not adopt Wal-Mart's contention that Littleton can only proceed upon showing that he actually has a substantially limiting impairment, but it does not have to in order to conclude that his ADA claim fails.

submission of evidence in opposition to its motion for summary judgment. Because summary judgment is proper with or without consideration of the challenged evidentiary submissions, the court will deem moot defendant's motion to strike.

DONE this 12th day of April, 2005.

________________________________

WILLIAM M. ACKER, JR.

UNITED STATES DISTRICT JUDGE